THE STATE, MICHAEL MALONE, prosecutor, *vs.* THE MAYOR AND COMMON COUNCIL OF JERSEY CITY.

1. Notice to *repave* a street is not sufficient where an assessment is made for *paving;* one being an original work, and the other repairing, the variance is material, and is fatal to the proceedings.

2. The charter of Jersey City requires that ten days' public notice be given of the filing of a report of commissioners making an assessment for paving, and of the time and place of a meeting of the common council to consider the assessment and all objections that may be made in writing. If council meet according to the notice given, and after hearing the objections made, by resolution confirm the assessment, and afterwards rescind the resolution, the assessment cannot be again confirmed without giving the ten days' notice.

This *certiorari* was brought to set aside the proceedings of the common council of Jersey City, in making an assessment for paving and repaving Mercer street.

Argued before Justices HAINES and VAN DYKE.

The opinion of the court was delivered by

HAINES, J. Of the various reasons assigned for setting

aside the assessment in this case, it will suffice to notice two.

And first, that which is based upon an alleged variance between the proposition for the improvement, and the ordinance directing certain improvements to be made.

The proposition was to have the street filled up to the proper grade, and repaved; and the notice given followed the terms of the application. The ordinance purporting to have been passed in pursuance of it, ordained that Mercer street, between the middle of Greene and Washington streets, be filled up to the proper grade, and paved or repaved. The assessment is made for both paving and repaving.

The question is, whether paving and repaving are the same. If not, there is a material variance between the proposition, and the notice of it, and the ordinance.

That there is a manifest difference between them, appears by the expressions themselves—one is the original work, the other the repetition of it.

The assessment distinguishes between the kinds of work, and in one column exhibits that which was newly laid and that which was relaid.

The contract for the work distinguishes and fixes the price for relaying at fifteen cents, and for paving at fifty cents, per square yard.

It is suggested that the term paving applies to both kinds of work, and consequently includes repaving; and so the assessment places both kinds of work under the general head of paving.

It may be that the term paving includes repaving, as the greater includes the lesser; but clearly repaving cannot include paving, any more than the lesser can include the greater.

If there is such difference, then the notice of repaving is not a notice that it was proposed to pave. And it may well be that the lot-owner might have no objection to repaving, costing but fifteen cents, while he might object to

paving at the price of fifty cents per square yard. He might have no objection to relaying the stones over the parts that had been paved, while he might have good and serious objections to paving other parts of the street.

The common council, in making improvements, proceed under a special delegated power, and can do nothing lawfully, unless it be in pursuance of that power; and while the courts will not require such a vigorous and literal conformity to the terms of the power as will tend to defeat its object, they are bound to insist upon a substantial and real compliance.

The object of the proposition, and of the notice of it, is to advise those interested of what is proposed to be done, that if any of them have objections, he may present them at the proper time and place. But if the notice mention one kind of improvement, and the ordinance provide for another, he is misled; the notice deludes him into silence, and is worse than useless.

Notice of repairing is not literally nor substantially notice of paving; one is the original work, the other is the repetition or repair. The variance is material, and we think fatal to the proceedings.

The other reason to be considered, is that which relates to the final confirmation of the report of the commissioners.

The charter requires that ten days' public notice be given of the filing of the report, and of the time and place of a meeting of the common council to consider the assessment, and all objections that may be presented in writing. Notice was accordingly given of such a meeting, to be held on the first Tuesday in August, and Michael Malone, the prosecutor, did at that time present his objections in writing, notwithstanding which the report was confirmed. But at a subsequent meeting, on the 19th August, then instant, the resolution confirming the report was rescinded, and the report then stood as it was when first filed.

Without any postponement of the consideration of the subject, or any further notice or intimation to the prosecutor, at a subsequent meeting of the common council, held on the 16th September, a resolution confirming the report was presented and passed.

After the rescinding of the resolution, on the 19th of August, the prosecutor had a right to suppose that the report, by a vote of the common council, was not confirmed. The resolution confirming it was not reconsidered, but rescinded; and the report might readily have been regarded as disagreed to; and the prosecutor had a right to believe that no further action in the matter would be had without notice to him. The action of the council, on the 16th of September, without any notice, was a departure from the requisites of the charter, and a violation of the rights of the prosecutor.

The assessment, as to the prosecutor, is void, and must be set aside.